(April 26, 1912.)

## JOHN SHAUGHNESSY, Respondent, v. MARGUERITE HOOD and ALVA HOOD, Appellants.

[123 Pac. 641.]

CONVEYANCE OF REAL ESTATE—MENTAL INCAPACITY—EQUITY — UNDUE INFLUENCE.

(Syllabus by the court.)

1. Evidence *held* insufficient to sustain a finding of fact to the effect that the plaintiff has not sufficient mental capacity to make a contract.

2. One who seeks equity must do equity.

3. The evidence *held* insufficient to establish undue influence in procuring the plaintiff to execute a conveyance.

APPEAL from the District Court of the Second Judicial District for Lewis County. Hon. Edgar C. Steele, Judge.

Action to set aside a deed conveying real estate. Judgment for plaintiff. *Reversed.*

J. S. McDonald, and C. T. McDonald, for Appellants.

The facts all tend to show that grantor was in the possession of his faculties and acting as an ordinary rational being. (*Delaplain v. Grubb,* 44 W. Va. 612, 67 Am. St. 788, 30 S. E. 201; *Kelly v. Perrault,* 5 Ida. 221, 48 Pac. 45; *Curtis v. Kirkpatrick,* 9 Ida. 629, 75 Pac. 760.)

Undue influence, to justify the setting aside of a deed, must have been such as to overcome the will of the grantor, and to destroy to some extent, at least, the free agency of the grantor.

It will not be presumed from the fact that the deed is made by parent in favor of a child, that it is unjust or unfair. (*Turner v. Gumbert,* 19 Ida. 339, 114 Pac. 33; *Orr v. Pennington,* 93 Va. 268, 24 S. E. 928; *Herster v. Herster,* 122 Pa. 239, 9 Am. St. 95, 16 Atl. 342; *Muir v. Miller,* 72 Iowa, 585, 34 N.

W. 429; *Englert v. Englert,* 198 Pa. 326, 82 Am. St. 808, 47 Atl. 940.)

He who seeks equity must do equity. (1 Story's Eq. Jurisp., 12th ed., par. 64.)

F. E. Fogg, for Respondent.

For a son to induce an aged and infirm parent to sign a deed by falsely representing that it is an instrument of a different character is not legally defined as undue influence but is a fraud, and such a fraud as will justify setting aside such deed. (*Kelly v. Perrault,* 5 Ida. 221, 48 Pac. 45.)

SULLIVAN, J.—This action was brought to set aside a deed made by the plaintiff, John Shaughnessy, who is respondent here, to his daughter Marguerite Hood, conveying to her the forty acres of land described in the complaint. The complaint is based on the ground of mental incapacity and undue influence.

The answer put in issue the allegations of the complaint, and as a separate defense averred that defendants, as a consideration for said land, had paid the plaintiff $100 in cash and had boarded him for a period of two and a half years immediately preceding the execution of said deed. The case was tried by the court and certain findings of fact and conclusions of law were made and a judgment and decree entered in favor of the plaintiff, whereby said deed was declared to be void and of no effect and the title to said land to be in the plaintiff.

The court found, among other things, that the defendants induced the plaintiff to make, execute and deliver to the defendant, Marguerite Hood, the deed to said land, and that the plaintiff was at the time of the execution of said deed, and at all times since the execution thereof has been, sick and infirm and unable to transact his business affairs and that he was of very advanced age, being seventy-six years of age, and at the time he executed said deed he was wholly incapacitated from attending to ordinary business affairs; that at all times since the execution of said deed he has been

without understanding of the nature and effect of said transaction.

There is absolutely no evidence in the record to support those findings. The evidence clearly shows that plaintiff was a man of remarkable mental vigor and fully competent to transact his own business affairs and had always transacted them, prior to the happening of the accident hereinafter referred to. The evidence shows that he had talked with the defendants several times in regard to deeding Mrs. Hood said forty acres of land, and also had talked to his son John J. Shaughnessy about the matter, and had had the matter under consideration for some time. The evidence clearly shows, and there can be no reasonable doubt, that the plaintiff had sufficient mental capacity to execute said deed. The record also shows that at the time said deed was executed the husband of the defendant paid to the plaintiff $50 in cash and had prior to that time given him about $60 in cash.

The court by its eighth finding of fact finds that the plaintiff is in indigent circumstances and has no means of support and has no property out of which he may reimburse the defendant. This finding no doubt was made for the purpose of avoiding that maxim of equity so well recognized, that one who seeks equity must do equity. A man cannot be excused from doing equity by giving his property away and then coming into court and pleading that he is indigent and not able to do equity and procure his contract to be set aside. It was stated in the oral argument that the defendants offered to reconvey the property to the plaintiff if he would pay them back the $110 they had paid him, and the proposition was refused or declined, and attempted to be met by the court's finding that plaintiff was indigent and not able to repay the $110.

The record shows that the plaintiff owned 160 acres of land, the forty in dispute being a part thereof; that sometime subsequent to the execution of the deed to Mrs. Hood, plaintiff fell down a bluff and was badly injured and taken to the hospital at Lewiston, and that a son, who did not go by his father's name, but by the name of Tracy, procured the plain-

tiff to enter into a contract with him and his wife whereby they would care for him during the remainder of his life if he would convey to the son's wife said 160 acres of land. Thereupon, when the plaintiff was in the hospital and in a weak mental and physical condition, the son Tracy procured him to make said conveyance of the 160 acres of land. I suppose said Tracy thought at that time plaintiff had sufficient mental capacity to enter into a contract, but that before the plaintiff met with said accident he was mentally incapable of doing so. The accident, in his view of the matter, evidently improved the plaintiff's mental condition. The Tracys, after taking title to all of the property plaintiff had, evidently wanted to procure said forty acre tract without furnishing the plaintiff sufficient to repay the defendants what cash they had paid for said land. The defendants offered to waive any compensation for the board of plaintiff for two and a half years and reconvey the land to him if he would repay them the $110. If the Tracys were to get all of the property of plaintiff, including said forty acre tract, equity would require them to furnish the plaintiff the $110 and thus put him in a position to do equity.

It is not worth while for us to go into this question further, as it clearly appears that this is really a contest between the son and the daughter of the plaintiff. If the son could procure the cancellation of the deed to Mrs. Hood, then his wife would become the owner of the property under the deed conveying to her said 160 acres of land.

There is no evidence to establish the allegation of undue influence. It was held in *Turner v. Gumbert,* 19 Ida. 339, 114 Pac. 33, that to justify the setting aside of a deed because of undue influence, such influence must have been such as to overcome the will of the grantor and to destroy to some extent, at least, the free agency of the grantor.

The judgment must therefore be reversed and the cause remanded for further proceedings. Costs are awarded to the appellant.

Stewart, C. J., and Ailshie, J., concur.